UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT § | | |
| LLOYD'S LONDON SUBSCRIBING TO § | | |
| CERTIFICATE NO. WHP000080728005, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| MISTY R. MORAN, § | SA-10-CV-0529 NN | |
| JACOB C. MORAN, and § | | |
| WELLS FARGO BANK, NA, § | | |
| § | | |
| Defendants. § | | |

## ORDER DENYING REQUEST FOR ATTORNEYS FEES AND COSTS

The matter before the Court is the request for an award of costs including attorneys fees, filed by plaintiff (docket entry 14). The requested award is $1,665.00. The motion is opposed.

The court has authority to award costs including reasonable attorneys's fees in interpleader actions.[1] Nevertheless, courts have held that an award is not necessary where the expenses incurred are those which occur in the normal court of business, and that specifically an insurer may not transfer a part of their ordinary cost of doing business to their insureds by initiating and being compensated for bringing an action for interpleader.[2] The consistent rationale for awarding costs and fees is that competing claimants benefit when the stakeholder expeditiously files an interpleader action and deposits the fund into the court, and that typically the costs and attorneys fees are nominal. An equally compelling argument, however, focuses on the benefit enjoyed by the stakeholder who is shielded from litigation and discharged from further liability by filing the

---

[1] *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 354 (5th Cir. 1983).

[2] *Travelers Indemnity Co. v. Israel*, 354 F.2d 488, 490 (2nd Cir. 1965).

1

interpleader action. As one court observed:

> Although it is true that an interpleader action benefits both claimants and the courts by promoting expeditious resolution of the controversy in one forum, the chief beneficiary of an interpleader action is the insurance company. An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy. An interpleader action relieves the company of this risk by eliminating the potential harassment and expense of a multiplicity of claims and suits. Furthermore, it discharges the company from all liability in regard to the fund. It thus seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest.[3]

In the matter before this Court, the interplead funds total $35,228.35. They represent insurance proceeds payable after a kitchen grease fire significantly damaged the Morans' home in October 2009. Plaintiff issued a check for the funds made payable to the Morans and to Wells Fargo, the Mortgagee. The check was not timely endorsed by both payees, and expired. An issue arose as to which payee the re-issued check should be sent to. The requested award for attorneys fees and costs totals $1665.00, and although not a large amount, it represents almost five percent of the funds available to repair the Morans' home. Given the facts in this case, plaintiff benefitted equally with the claimants in submitting the dispute to the Court using the vehicle of an interpleader action, and accordingly I decline to exercise discretion to award the requested costs and fees to plaintiff.

For the reasons stated above, the motion for an award of attorneys fees and costs is ORDERED DENIED.

**SIGNED on July 27, 2011.**

*/s/ Nancy Stein Nowak*
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Minnesota Mutual Life Ins. Co. v. Gustafson*, 415 F.Supp. 615, 618-619 (N.D.Ill. 1976).